UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DKSJ, LLC,<br><br>                   Plaintiff,<br><br>      v.<br><br>JOSEPH S. COHEN,<br><br>                  Defendant. | No. 25-CV-1080 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

On February 6, 2025, Plaintiff DKSJ, LLC ("DKSJ") commenced this action against Defendant Joseph S. Cohen, asserting a claim for breach of contract. In the complaint, DKSJ states that, although the parties' contract contains a forum selection clause designating the United States District Court for the Southern District of New York as the sole forum for disputes arising out of or based upon the agreement, Compl. ¶ 8, DKSJ previously brought its claims in New York Supreme Court because it believed that this Court lacked subject matter jurisdiction over the dispute, *id.* ¶ 11. The New York Supreme Court dismissed the case without prejudice, holding that "the Southern District should resolve issues regarding its own jurisdiction and only after such resolution may plaintiff bring its case before" that court. *Id.* ¶ 12. Accordingly, Plaintiff filed its complaint in this Court seeking, in substance, a ruling on the Court's jurisdiction. *Id.* ¶ 13. Defendant has advised the Court that he "has no knowledge of any fact contrary to [Plaintiff's] assertion . . . that this Court lacks subject matter jurisdiction" and therefore "has no objection to the dismissal of this action." ECF No. 8.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Contsr. Co., Inc. v. Housing Auth. of the City of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

There is no basis to exercise subject matter jurisdiction over this dispute. First, the Court lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's breach of contract claim does not arise under federal law. *See Asensio v. Difiore*, No. 18-CV-10933, 2019 WL 2917989, at *1 (S.D.N.Y. July 8, 2019). Nor are the requirements for diversity jurisdiction met here, *see* 28 U.S.C. § 1332, because there is not "complete diversity" between the parties, *see St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). With respect to DKSJ, a limited liability company, citizenship "is determined by the citizenship of its members." *Stevens & Co., LLC v. Espat*, No. 24-CV-5223, 2024 WL 3551158, at *2 (S.D.N.Y. July 26, 2024) (collecting cases). DKSJ's sole member is a trust, Compl. ¶ 5, which takes the citizenship of its trustees for purposes of diversity jurisdiction, *see Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017). The complaint alleges that two of the trust's three trustees are citizens of New York. Compl. ¶ 5. Accordingly, for purposes of this analysis, the trust—and DKSJ by extension—are citizens of New York. Because Defendant is likewise a citizen of New York, Compl. ¶ 7, there is not complete diversity of citizenship between the parties.

Finally, "[t]he fact that the parties consented to the jurisdiction of this Court . . . does [not] give this Court subject matter jurisdiction." *Stevens & Co.*, 2024 WL 3551158, at *2; *see also Rabinowitz v. Kelman*, 75 F.4th 73, 79 (2d Cir. 2023) ("[F]orum selection clauses have no bearing on a court's subject matter jurisdiction."); *SBL Enters. LLC v. Keystone Cap. Corp.*, 2021 WL

2000365, at *1 (S.D.N.Y. May 19, 2021) ("[N]o action of the parties can confer subject matter jurisdiction on a federal court [and] [t]hus the consent of the parties is irrelevant." (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982))).

    For the foregoing reasons, this action is dismissed for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

Dated:   February 26, 2025
           New York, New York

                                                  Ronnie Abrams
                                                  United States District Judge